### ELLISON *v.* HARTRANFT.

*(Circuit Court, E. D. Pennsylvania. April 28, 1885.)*

CUSTOMS DUTIES—DRESS GOODS COMPOSED IN WHOLE OR IN PART OF WOOL.
    The distinction between goods composed wholly of wool and other purely animal products and such as are only in part so composed, maintained; following treasury department decision No. 6,331.

At Law.
*F. P. Prichard,* for plaintiff.
*J. K. Valentine, contra.*

BUTLER, J. When the question involved was first brought to the notice of the treasury department, the language "all such goods," used in the proviso to the paragraph beginning "Women's and children's dress goods," in the act of 1883, *c.* 121, Sched. R. N. (St. p. 505,) was held to apply to the same goods only, described by the

same language when employed a little earlier in the paragraph; and consequently the operation of the proviso was confined by the secretary to goods manufactured exclusively of animal product—wool, hair, etc. When the question was afterwards submitted to the attorney general, he adopted the same view of this language in the proviso; but, evidently mistaking the limited sense in which it was before used, he applied it to the entire paragraph, so as to include in its operation or effect goods manufactured *in part* of other materials. That the original construction by the secretary was correct, we do not doubt. Not only does it conform to a correct reading of the paragraph when considered by itself, but it is consistent with the spirit of recent legislation by congress on the subject to which it relates. It continues the distinction between goods composed *wholly* of wool and other purely animal products, and such as are only *in part* so composed, while a different construction would obliterate this distinction, as soon as the new standard of value, mentioned in the proviso, is reached.

Judgment must accordingly be entered for the plaintiff.